FILED
2006 Jul-05 PM 12:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MONSANTO COMPANY** <br> Plaintiff | ) <br> ) <br> ) | |
| **VERSUS** | ) | CASE NO.:    CV03-S-2804-NE |
| **MICHAEL WHITE, WAYNE WHITE,** <br> **WHITE'S SEED CLEANING, and** <br> **WHITE FARMS FEED & SEED, INC.** <br> Defendants | ) <br> ) <br> ) <br> ) | **CONSENT INJUNCTION** <br> **AND JUDGMENT** |

**I.    PARTIES**

   A.    Plaintiff is Monsanto Company. Monsanto is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Monsanto is authorized to do and is doing business in Alabama and in this judicial district.

   B.    Defendant, MICHAEL WHITE, is a natural person and engages in commercial farming and resides in Jackson County, Alabama.

   C.    Defendant, WHITE'S SEED CLEANING, is a sole proprietorship that was owned and operated under the laws of the State of Alabama by Michael White, with its principal place of business in Jackson County, Alabama. This business ceased to operate in 2002.

   D.    Defendant, WHITE FARMS FEED & SEED, INC. is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Jackson County, Alabama.

**II.    STIPULATED FINDINGS**

   A.    Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C.§1331, in that one or more of Monsanto's claims arise under the laws of the United States, as well as 28 U.S.C.§1338, granting district courts original jurisdiction over any civil action regarding patents.

   B.    Venue is proper in this judicial district pursuant as the events giving rise to the

claims occurred in this judicial district and all defendants reside and are subject to personal jurisdiction in this judicial district.

C.  Monsanto is in the business of developing, manufacturing, licensing, and selling agricultural biotechnology, agricultural chemicals and other agricultural products. After the investment of substantial time, expense, and expertise, Monsanto invented an agricultural biotechnology consisting of genetic traits that enable crops to express resistance to glyphosate based herbicides, such as Roundup® branded herbicides.

D.  This biotechnology has been utilized by Monsanto in several agricultural crops, including soybeans, and enables the soybeans to be treated with glyphosate based herbicides without being damaged. This genetically improved soybean seed is marketed by Monsanto and other seed companies as Roundup Ready® soybeans.

E.  Monsanto's Roundup Ready® biotechnology is protected under patents issued by the United States Patent Office, specifically including U.S. Patent No. 5,352,605. Prior to the events giving rise to this action, the '605 patent was issued to and/or Monsanto was the exclusive licensee from the owner and was authorized to enforce the rights relating thereto, including seeking injunctive and monetary relief and remedy for the infringement thereof.

F.  Monsanto's practice was and is to put the required statutory notice that its Roundup Ready® biotechnology was patented on the labeling of all bags containing Roundup Ready® soybean seed in compliance with 35 U.S.C. §287(a).

G.  Under the terms of Monsanto's limited use license agreements through which Roundup Ready® soybeans are sold, a purchaser is only authorized to use the seed for planting a commercial crop in a single growing season, and is prohibited from saving harvested seed for the purpose of planting another crop. In addition, the user is prohibited from selling saved seed or supplying or transferring any seed produced from the purchased seed to third parties for planting.

H.  During the 1998 growing season, defendant, MICHAEL WHITE and WHITE SEED CLEANING obtained saved Roundup Ready® soybeans from another Alabama grower.

I.  Defendants MICHAEL WHITE and WHITE'S SEED CLEANING planted this unauthorized supply of Roundup Ready® soybeans on approximately eight (8) acres in or about the 1999 growing season produced a crop of Roundup Ready® soybeans which they offered for sale to other growers. Subsequently, the defendants saved a portion of their 1999 Roundup Ready® soybean crop and planted approximately sixteen (16) acres with that seed in 2000 which

they offered for sale to other growers. Defendants again saved a portion of their 2000 Roundup Ready® soybean crop and planted approximately thirty-six (36) acres in 2001 and produced a crop which they offered for sale to other growers. Defendants again saved a portion of their 2001 Roundup Ready® soybean crop and planted approximately 100 to 120 acres and they produced a crop which they offered for sale to other growers.

  J. Defendants MICHAEL WHITE and WHITE'S SEED CLEANING also cleaned saved Roundup Ready® soybeans for other growers and encouraged them to save, clean and replant their Roundup Ready® soybeans.

  K. During the 2002 growing season, WHITE FARMS FEED & SEED, INC was incorporated. Specifically, WHITE FARMS FEED & SEED, INC. continued to clean Roundup Ready® soybeans for Alabama farmers and encouraged them to save, clean and replant their Roundup Ready® soybeans.

  L. The defendants' planting, saving, offering to sell and selling Roundup Ready® soybeans without authorization from Monsanto constitutes infringement of the '605 patent pursuant to 35 U.S.C. § 271(a).

  M. The defendants' cleaning of saved Roundup Ready® soybeans belonging to other growers in order to prepare them for replanting in subsequent growing seasons constitutes inducement to infringe the '605 patent pursuant to 35 U.S.C. § 271.(b).

  N. The Defendants' infringing activities of saving, planting, offering to sell Roundup Ready® soybeans without authorization were intentional and willful and deprived Monsanto of its rights under the '605 patent.

## III. MONETARY DAMAGES

By consent of the parties, judgment is entered against defendants, joint and severally, MICHAEL WHITE, WHITE'S SEED CLEANING and WHITE FARMS FEED & SEED, INC., in favor of Monsanto in the amount of TWO MILLION FOUR HUNDRED THOUSAND AND NO/100 DOLLARS ($2,400,000.00).

## IV. PERMANENT INJUNCTION

It is hereby ordered that defendants are permanently enjoined from purchasing, using,

planting or cleaning any of Monsanto's patented agricultural crop seed biotechnology covered by any patent, including U.S. Patent No. 5,352,605.

Costs are taxed as paid, all parties to bear their own costs and attorneys' fees.

Executed in Huntsville, Alabama this 5th day of July, 2006.

**Respectfully submitted,**

MILES P. CLEMENTS, T.A. (La. #4184)
WAYNE K. McNEIL (La. #20956)
JOEL E. CAPE (La. #26001)
**Frilot, Partridge, L.C.**
1100 Poydras St. Suite 3600,
New Orleans, LA 70163-3600
Telephone: **(504) 599-8000**
Facsimile: **(504) 599-8100**

And

4

_[signature: Joe S. for John Watson]_

**JOHN D. WATSON, III**
**BRADLEY ARANT ROSE & WHITE, L.L.P.**
One Federal Place
1819 Fifth Avenue North Birmingham, AL 35203-2104
Telephone: (205) 521-8436
Facsimile: (205) 488-6436

**ATTORNEYS FOR MONSANTO COMPANY**

_[signature: Stephen H. Hall]_

STEPHEN H. HALL (#HAL065)
LANIER FORD SHAVER & PAYNE, P.C.
200 West Side Square, Suite 5000
Huntsville, Alabama 35801
Telephone: 256-535-1100

**ATTORNEY FOR DEFENDANTS**

So Ordered 5 July 2006

_[signature: Lynwood Smith]_
United States District Judge

_____
Date